NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTOPHER CHUNG,

*Plaintiff,*

v.

SHAPIRO & DENARDO, LLC, et al.

*Defendants.*

Civil Action No. 14-6899

OPINION

Before the Court is Defendant Shapiro & Denardo, LLC's ("Defendant") motion to dismiss [Dkt. No. 10]. Defendant's arguments are contrary to the Fair Debt Collection Practices Act ("FDCPA") and binding Third Circuit and Supreme Court law. As such, the Court **DENIES** Defendant's motion.

I. FACTS

Plaintiff Christopher Chung ("Plaintiff") owns property at 162 Halifax Road in Mahwah, New Jersey. Compl. ¶ 3. In 2003, he took out a mortgage on this property. Id. ¶ 7. Following the 2009 economic crisis, Plaintiff defaulted on his mortgage in February of 2011. Id. ¶¶ 11-12.

Wells Fargo allegedly became owner of the loan after Plaintiff's default and hired Defendant, a law firm specializing in debt collection litigation, to prosecute a foreclosure action. Id. ¶¶ 4, 13-14. On September 9, 2013, Defendant filed a debt collection foreclosure action against Plaintiff. Id. ¶ 15. Subsequently, Plaintiff retained Denbeaux & Denbeaux ("Plaintiff's attorneys") as counsel, and Plaintiff's attorneys filed an answer in the foreclosure action on his behalf. Id. ¶¶ 16-17. Plaintiff's attorneys subsequently engaged in discovery, motion practice, and other correspondence on behalf of Plaintiff.

1

Despite their apparent knowledge that Plaintiff was represented by counsel, Defendant repeatedly communicated with Plaintiff, not his attorneys. Around April 22, 2014, Defendant sent to the home of Plaintiff a communication indicating, among other things, that "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose." Id. ¶¶ 21-23. The same communication was sent to Plaintiff's attorneys. Id. ¶ 24. On October 10, 2014, Defendant again sent a certification to Plaintiff's home setting forth the amount of money they sought to collect from Plaintiff. Id. ¶¶ 26-27. The communication was also sent to Plaintiff's attorneys. Id. ¶ 28.[1]

Plaintiff sued Defendant here for violating the FDCPA, 15 U.S.C § 1692 et seq. Defendant now moves to dismiss the complaint.[2] For the reasons below, the Court **DENIES** the motion.

## II. LEGAL STANDARD

In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id.

The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550

---

[1] There is another defendant in this case—Plaintiff's mortgage servicing company, PHH Mortgage Corporation ("PHH"). Id. ¶ 5. Allegedly, Plaintiff's attorneys sent to PHH, via United Postal Service, a Qualified Written Request ("QWR") requesting pertinent financial records pursuant to 12 U.S.C. 2605. Id. ¶¶ 42-43, 53. PHH never replied. Id. ¶¶ 44-48. As a result, Plaintiff's loans accrued additional interest and fees. Id. ¶ 50. PHH is not relevant to the consideration of this motion.

[2] The motion also includes, in the alternative, a request for summary judgment. That request is denied as plainly premature.

U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**III.   ANALYSIS**

Defendant argues the case should be dismissed for four reasons: (1) Defendant did not violate the FDCPA; (2) Defendant complied with state law, and state law supersedes the FDCPA here; (3) as an attorney, Defendant is immune from liability; and (4) Defendant made a bona fide mistake. None of these arguments are persuasive.

**A.  Plaintiff Alleges A Violation Of The FDCPA**

Defendant argues that "it is questionable whether Defendant's notices constitutes [sic] either a 'collection' attempt or a 'communication. . . .'" Defs.' Mot. at 5. The Court disagrees.

Under the FDCPA a "communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. 1692a(2). The Third Circuit has determined that written correspondence sent by a collector to a debtor is a "communication" where the correspondence was issued "in connection with the collection of debt." Piper v. Portnoff Law Assocs., Ltd., 396 F.3d 227, 233 (3d Cir. 2005). The FDCPA applies to all efforts to collect consumer debts, including those made through litigation. Heintz v. Jenkins, 514 U.S. 291, 294 (1995) ("The Act does apply to lawyers engaged in litigation."); Piper, 396 F.3d at 234 ("We have already noted that, if a communication meets the Act's definition of an effort by a 'debt collector' to collect a 'debt' from a 'consumer,' it is not relevant that it came in the context of litigation.").

3

Here, Plaintiff alleges he received written communications from Defendant which explicitly stated that they were an attempt to collect upon a debt. Compl. ¶¶ 21-23. That is a "communication" under the FDCPA.

Defendant also argues that this practice is not abusive, so it should be permitted. Congress has decreed otherwise. Attempting to collect on a debt by communicating with an individual known to be represented by counsel is explicitly prohibited in the FDCPA. See 15 U.S.C. § 1692c(a) ("a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt"); Romea v. Heiberger & Assocs., 163 F.3d 111, 119 (2d Cir. 1998) ("It is the provisions of the FDCPA that by and of themselves determine what debt collection activities are improper under federal law.").

### B. State Law May Not Contradict The FDCPA

Defendant argues that the New Jersey Fair Foreclosure Act requires direct service of plaintiffs, see N.J.S.A. § 2A:50-56(b) (2014), so Defendant is not liable because it complied with state law. The Court disagrees.

Putting aside Defendant's questionable interpretation of state law,[3] if state law interferes with the federal law, it is invalid. See, e.g., Gibbons v. Ogden, 22 U.S. 1, 211 (1824) (state laws which "interfere with, or are contrary to the laws of Congress, made in pursuance of the constitution, or some treaty made under the authority of the United States" are invalid); Maher v.

---

[3] For example, Defendant's interpretation of the law is directly counter to New Jersey's Rule of Professional Conduct 4.2, which prohibits directly contacting an individual who is known to be represented by counsel. Also, the purpose of the statutory notice identified by Plaintiff at N.J.S.A. §§ 2A:50-56 and 2A:50-58 is to provide notice to those who are being foreclosed upon. Providing notice to counsel satisfies the purpose of these statutes.

New Jersey Transit Rail Operations, Inc., 125 N.J. 455, 464 (1991). Thus, Defendant's argument here can only prevail if state law provides more protection than Federal law. Here, it does not.

The FDCPA was designed "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices." S. Rep. 95-382, 1 (1977) (Conf. Rep.); see also 15 U.S.C. § 1692(e). Many abusive practices were explicitly enumerated in the FDCPA, including the practice of contacting debtors represented by counsel. 15 U.S.C. § 1692c(a). The FDCPA also overrules state law "to the extent those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency." 15 U.S.C. § 1692n. However, "a State law is not inconsistent with this title if the protection such law affords any consumer is greater than the protection provided by this title." Id.

Defendant interprets the FDCPA sections cited above to permit state law to allow debt collectors to contact debtors represented by counsel, because such contact arguably provides greater protection to debtors. This theory relies on an untenable definition of "greater" which contradicts the plain language of the FDCPA.

There is a simpler and more logical interpretation. State law may impose additional restrictions, but not contrary ones. See Desmond v. Phillips & Cohen Assocs., Ltd., 724 F. Supp. 2d 562, 568 (W.D. Pa. 2010) (finding the FDCPA does not preempt state law claims where they "further the same purposes, and are consistent with, claims brought under the FDCPA") (emphasis added). The plain language of the FDCPA support this interpretation; the FDCPA preempts inconsistent state law. Requiring direct communication and prohibiting direct communication with individuals represented by counsel are obviously inconsistent.

5

The FDCPA prohibits debt collectors from contacting debtors represented by counsel. State law to the contrary cannot absolve Defendant from liability here.[4]

### C. Attorney Immunity Does Not Require Dismissal Of The FDCPA Claim

Defendant argues that it has attorney immunity under New Jersey's litigation immunity. The Third Circuit has already ruled on this precise issue, and it has rejected Defendant's argument. In Allen v. LaSalle Bank, a party argued that "New Jersey's litigation privilege creates an exemption to FDCPA liability. . . ." 629 F.3d 364, 368-69 (3d Cir. 2011). The Court unequivocally rejected that argument.

> [T]he FDCPA does not contain an exemption from liability for common law privileges. "[C]ommon law immunities cannot trump the [FDCPA]'s clear application to the litigating activities of attorneys," Sayyed, 485 F.3d at 231, and, like the Fourth Circuit, we will not "disregard the statutory text in order to imply some sort of common law privilege," id. at 229; see also Hartman v. Great Seneca Fin. Corp., 569 F.3d 606, 615-17 (6th Cir. 2009). The application of the New Jersey litigation privilege does not absolve a debt collector from liability under the FDCPA.

Id. at 369. The Court is bound by the Third Circuit's ruling.

### D. Defendant's Error Of Law Does Not Prevent Liability

Defendant argues that its actions were bona fide error. The Supreme Court has explicitly rejected the argument that an error of law provides a defense to liability under the FDCPA:

> when Congress has intended to provide a mistake-of law defense to civil liability, it has often done so more explicitly than here . . . it is a fair inference that Congress chose to permit injured consumers to recover actual damages, costs, fees, and modest statutory damages for "intentional" conduct, including violations resulting from mistaken interpretation of the FDCPA . . . ."

---

[4] This, of course, does not prevent states from providing additional protections in this area; the FDCPA does not preempt the field. See, e.g., Khosroabadi v. N. Shore Agency, 439 F. Supp. 2d 1118, 1122-1123 (S.D. Cal. 2006) ("While the FDCPA permits states to provide greater protection to consumers, it does not incorporate those state protections into the Act. See 15 U.S.C. 1692n. Congress did not intend for the FDCPA to preempt state regulation or to occupy the entire field.").

Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 559 U.S. 573, 583-584 (2010). Defendant replies that it did not mistakenly interpret the law, but rather the law was ambiguous. This is another way of saying the same thing. Defendant cannot rely on incorrectly interpreting the law (or supposed lack thereof) to provide immunity in this context.[5]

**IV. CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss in its entirety. An appropriate order accompanies this opinion.

Date: June 15, 2015 /s/ *Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**UNITED STATES DISTRICT JUDGE**

---

[5] In any event, this defense would not prevail on a motion to dismiss. The statutory section Defendant cites emphasizes that bona fide error is an evidential determination:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k (2014) (emphasis added). Nothing in Plaintiff's complaint proves that Defendant's violation of law here was unintentional and that Defendant maintains procedures reasonably adapted to avoid any error.